Opinion issued December 18, 2003 














In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-01134-CR
          01-02-01135-CR




LARRY WAYNE ADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause Nos. 914532 & 914531










MEMORANDUM OPINION

          A jury found appellant, Larry Wayne Adams, guilty of possession


 and
delivery


 of less than one gram of cocaine. See Tex. Health & Safety Code Ann.
§§ 481.115(b), 481.112(b) (Vernon 2003). The trial court found enhancement
allegations of two prior convictions for burglary of a motor vehicle with intent to
commit theft true and assessed punishment at three years in prison. We address
whether (1) the evidence was legally sufficient to support appellant’s convictions for
delivery and possession of a controlled substance, (2) the trial court erred in denying
appellant’s motion to suppress evidence, and (3) the trial court erred in overruling
appellant’s objection to the prosecutor’s comment on appellant’s failure to testify. 
We affirm.
Facts On June 9, 2002, between midnight and 1:00 a.m., Houston Police Department
Officers Arnaldo Alvarez and Alex Moreira were working undercover as part of a
“club drug initiative” to address complaints about narcotics being sold in the area
surrounding the Hyperia Nightclub. While driving an unmarked car in the parking
lot of the nightclub, Officer Alvarez made eye contact with appellant, who then
approached the car and asked Officer Alvarez what he was looking for. Officer
Alvarez told appellant that he was looking for a “40-pack,” which is street slang for
$40 worth of cocaine. Appellant told Officer Alvarez that he did not have anything
on him, but that he could take Officer Alvarez to a place to get cocaine. Officer
Alvarez agreed, and appellant got into the car that Officer Alvarez was driving and
directed the officer to a location near the intersection of Scott and Leeland Streets. 
Officer Alvarez gave appellant $40 in pre-recorded bills to purchase the cocaine. 
Appellant left a crack pipe with Officer Alvarez in order to ensure that appellant
would return.
          While appellant went to get the cocaine, Officer Alvarez radioed his partner,
Officer Moreira, to tell him that appellant had left to get the drugs. Appellant
returned within five minutes, got into the car, and gave Officer Alvarez two rocks of
cocaine, keeping one cocaine rock for himself. On the way to the gas station, Officer
Alvarez gave his partner the pre-arranged signal to let his partner know that the deal
was good and that an arrest could be made. When Officer Alvarez and appellant
arrived at the gas station, Officer Moreira drove in behind them and arrested
appellant. After being arrested, appellant was searched, but nothing was found on his
person. However, Officer Alvarez recovered the crack pipe and appellant’s single
cocaine rock from the floor board of Officer Alvarez’s unmarked car. The crack pipe
contained cocaine residue. 
Legal Sufficiency of the EvidenceIn his third point of error, appellant contends that the evidence is legally
insufficient to support his convictions because the State failed to prove each element
of the two offenses beyond a reasonable doubt. Appellant argues that there is a lack
of evidence to sustain his convictions because (1) the officers lacked credibility
because they failed to mention the pre-recorded money or the crack pipe in the police
report and (2) the officers failed to find any additional cocaine rocks or any of the
pre-recorded money on his person during the search incident to his arrest.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Ellis v. State, 99 S.W.3d 783, 789 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). A person commits the offense of
possession of a controlled substance if he knowingly or intentionally possesses a
controlled substance, including cocaine. See Tex. Health & Safety Code Ann. §
481.115(a) (Vernon 2003). A person commits the offense of delivery of a controlled
substance if he knowingly manufactures, delivers, or possesses with the intent to
deliver a controlled substance, including cocaine. See id. § 481.112(a) (Vernon
2003). 
          There is ample evidence in the record to support the guilty verdict on both
offenses. Officer Alvarez testified that appellant got into the officer’s car and
directed the officer to a location where appellant could buy cocaine. Appellant took
$40 from the officer and left a crack pipe in the car as collateral to ensure that
appellant would return. Appellant came back to the car a few minutes later with three
cocaine rocks, two of which he gave to Officer Alvarez. The omission of any
mention in the police report of the crack pipe or the pre-recorded money does not
negate Officer Alvarez’s testimony. Although appellant did not have the crack pipe
or a cocaine rock on his person when he was arrested, Officer Alvarez’s testimony
established that appellant possessed three cocaine rocks and the crack pipe and that
appellant delivered two cocaine rocks to the officer. Appellant left his crack pipe and
single rock of cocaine in the officer’s car when appellant got out of the car to be
arrested by Officer Moreira. Viewed in the light most favorable to the trial court’s
verdict, we hold that the evidence was legally sufficient to support appellant’s
conviction for possession and delivery of a controlled substance. 
          We overrule appellant’s third point of error. 
 
 
Motion to Suppress Evidence
          In his first point of error, appellant contends that the trial court erred in denying
his motion to suppress evidence. Specifically, appellant claims that the arrest was
made in violation of articles 14.03 and 14.04 of the Texas Code of Criminal
Procedure and that, therefore, any evidence obtained as a result of his arrest must be
suppressed. With respect to article 14.03, appellant contends that his arrest was
unlawful because Officer Moreira lacked the legal authority to make the arrest. See
Tex. Code Crim. Proc. Ann. art. 14.03 (stating that “persons found in suspicious
places and under circumstances which reasonably show that such persons have been
guilty of some felony” may be arrested without a warrant). With respect to article
14.04, appellant contends that, even if Officer Moreira had legal authority to make
the arrest, the arrest was unlawful because there was no evidence that appellant was
trying to escape and because there was ample time for the officers to have procured
an arrest warrant. See id. art. 14.04 (stating that “[w]here it is shown by satisfactory
proof to a peace officer, upon the representation of a credible person, that a felony has
been committed, and that the offender is about to escape, so that there is no time to
procure a warrant, such peace officer may, without warrant, pursue and arrest the
accused”).
     
          However, if appellant’s pre-arrest acts constituted voluntarily abandonment of
the contraband, he was not entitled to constitutional or statutory search-and-seizure
protection. See Citizen v. State, 39 S.W.3d 367, 372 (Tex. App.—Houston [1st Dist.]
2001, no pet.). A defendant who voluntarily abandons contraband has no standing
to complain that the subsequent arrest was illegal. See Tankoy v. State, 738 S.W.2d
63, 67 (Tex. App.—Houston [1st Dist.] 1987, no pet.). Abandonment of property
occurs if (1) the defendant intentionally abandoned the property and (2) the decision
to abandon the property was not due to police misconduct. Swearingen v. State, 101
S.W.3d 89, 101 (Tex. Crim. App. 2003); Citizen, 39 S.W.3d at 372. Appellant
delivered two of the cocaine rocks to Officer Alvarez. After receiving the bust signal
from Officer Alvarez, Officer Moreira followed Officer Alvarez to a gas station,
stopped his partner’s car, opened the passenger door, and told appellant to get out. 
As appellant was getting out of the car, he dropped the remaining cocaine rock and
the crack pipe on the floor board of the car. Appellant thus voluntarily left all three
cocaine rocks and the pipe in the police car, and nothing shows that his decision to
do so was a result of any police misconduct. Because appellant had either delivered
or abandoned all of the contraband before his arrest, appellant had no standing to
complain about any evidence that could have been suppressed as a result of the 
arrest. See Tankoy, 738 S.W.2d at 67. Therefore, the trial court did not abuse its
discretion in denying the motion to suppress. 
          We overrule appellant’s first point of error.
Improper Statement on Failure to Testify
          In his second point of error, appellant contends that the trial court erred in
overruling his objection to the prosecutor’s comment regarding appellant’s failure to
testify because the comment violated article 38.08 of the Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2003) (stating that counsel must
not comment on defendant’s failure to testify).
          The prosecutor made the following statements in his closing argument:
Prosecutor:Now, one of the things we talked about, what
reasonable doubt is. It’s in that charge. 
Common sense reasoning after careful and
impartial consideration of the evidence. You
heard it. I promise, you’ll see nothing in there
talking about money, talking about the
offense report. It talks about doubt based on
elements I have to prove. He did it on June 9,
2002. No doubt about it. You did not hear
him dispute it was not me, I was not there,
had to be somebody else.
 
Counsel: I object. Improper argument on failure to 
testify, Your Honor.
 
The Court: Overruled. You may continue.
(Emphasis added.)
          
          “To determine whether the State has violated this prohibition during closing
argument, we must view the State’s argument from the jury’s perspective to determine
whether the argument was ‘manifestly intended or of such a character that the jury
would necessarily and naturally take it as a comment on the accused’s failure to
testify.’” Palermo v. State, 992 S.W.2d 691, 694 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d) (quoting Patrick v. State, 906 S.W.2d 481, 490 (Tex. Crim. App.
1995)).
          The prosecutor’s argument that “[y]ou did not hear him dispute it was not me,
I was not there, had to be somebody else” would naturally be understood by the jury
as a comment on appellant’s failure to testify. Therefore, the trial court erred in
overruling appellant’s objection to the comment. We must now determine whether
this error caused harm.
          The proper harm analysis to be conducted depends upon the kind of error
involved. Rule 44.2(a) of the Rules of Appellate Procedure governs the
determination of harm from constitutional error. See Tex. R. App. P. 44.2(a). Rule
44.2(b) governs non-constitutional harm analysis. See Tex. R. App. P. 44.2(b). Here,
appellant argues only that the prosecutor’s statement violated article 38.08 of the
Code of Criminal Procedure. Therefore, we will perform a harm analysis under rule
44.2(b) for non-constitutional error. Cf. Thompson v. State, 95 S.W.3d 537, 542 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (holding that, in case involving 
prosecutorial misstatement of law during voir dire, when appellant did not point to 
constitutional provision requiring trial court to sustain his objection, the trial court’s
erroneous ruling was “other error” to be assessed under rule 44.2(b)).
          Rule 44.2(b) states that “[a]ny other error, defect, irregularity, or variance that
does not affect substantial rights must be disregarded.” Tex. R. App. P. 44.2(b). “A
criminal conviction should not be overturned for non-constitutional error if the
appellate court, after examining the record as whole, has fair assurance that the error
did not influence the jury, or had but a slight effect.” Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998). In assessing non-constitutional harm associated
with jury argument, we must consider (1) the severity of the misconduct (the
magnitude of the prejudicial effect of the prosecutor’s remarks), (2) the measures
adopted to cure the misconduct (the efficacy of any cautionary instruction), and (3)
the certainty of conviction absent the misconduct (the strength of the evidence
supporting the conviction). See Martinez v. State, 17 S.W.3d 677, 692-93 (Tex. Crim.
App. 2000); Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).
          Regarding the first factor, the severity of the prosecutor’s misconduct was not
great. The improper comment was only in one sentence of five pages of the State’s
closing argument, and the prosecutor did not repeat the comment after appellant had
objected to it. See Cifuentes v. State, 983 S.W.2d 891, 896 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d). 
           With respect to the second factor, although the trial court overruled appellant’s
objection to the prosecutor’s improper statement, the trial court had already instructed
the jury during voir dire that appellant had the right not to testify and that appellant’s
failure to testify could not be held against him. The trial court repeatedly asked the
jury during voir dire if anyone did not understand appellant’s right not to testify or
if anyone would not be able to decide the case objectively should appellant choose
not to testify. Each of the jury panel members individually responded that he or she
had a clear understanding of appellant’s right not to testify and would not hold his
decision not to testify against him. The jury charge also expressly instructed the jury
that appellant had the right not to testify and that his decision not to testify could not
be held against him. These instructions sufficiently mitigated any harm caused by the
prosecutor’s comment. See Campbell v. State, 900 S.W.2d 763, 769 (Tex.
App.—Waco 1995, no pet.).
          Finally, concerning the third factor, the direct evidence supporting appellant’s
conviction was ample. The evidence presented at trial included Officer Alvarez’s
testimony, the three cocaine rocks, and the crack pipe. The evidence established that
appellant sold two rocks of cocaine directly to Officer Alvarez and that appellant was
in possession of the third rock of cocaine and the crack pipe containing cocaine
residue. In light of the overwhelming evidence of appellant’s guilt presented at trial,
we hold that the prosecutor’s improper comment did not affect the certainty of
appellant’s conviction. See Glauser v. State, 66 S.W.3d 307, 320 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). 
          After analyzing the three Mosley factors in conjunction with the harm analysis
under rule 44.2(b), we have a fair assurance that the prosecutor’s improper comment
had, at most, a slight effect on the jury’s decision. See Johnson, 967 S.W.2d at 417. 
Therefore, we hold that the error was harmless. See Tex. R. App. P. 44.2(b).
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                                        Tim Taft
Justice
Panel consists of Justices Taft, Jennings, and Hanks. 
Do not publish. Tex. R. App. P. 47.2(b).